# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

JABER AHMED ALMUGANNAHI,

                                Plaintiff,

              -vs-

ERIC HOLDER, Attorney General of the United States, *et al.*,

                                Defendants.

DECISION & ORDER
09-MC-6007-CJS

___

**Siragusa, J.** On March 10, 2009, Plaintiff filed a "Complaint for Mandamus" seeking a writ of mandamus to compel Defendants to adjudicate (1) Petitions for Alien Relative filed by Plaintiff for immigration of his wife and children to the United States, and (2) his application for Adjustment of Status to Permanent Residence (Form I-485). On May 11, 2009, Defendants moved to dismiss for lack of jurisdiction and for mootness. Plaintiff responded on June 3, 2009, by filing what he titled, "Reply to Defendants' Motion to Dismiss the Petition." On October 27, 2009, Plaintiff filed what he entitled, "Plaintiffs Amended Motion for Judicial Declaration & Injunction" ("amended complaint"). In his amended complaint, Plaintiff alleged that Defendants, on May 7, 2009, initiated removal proceedings in the United States Immigration Court, Buffalo, New York. He now asks the Court for the following relief:

    i. Conduct de novo judicial review of denial determination of Plaintiff's Application for Naturalization in accordance with chapter 7 of title 5, United States Code, and pursuant to INA section 310(c) and USC section 1421 (c);

ii. Direct Defendants' to submit evidence to support that the American Consul, Sanaa, Yemen complied with mandatory requirements of 22 CFR section 42.72 (d) and 9 FAM 42.72 procedural note 1 and duly acknowledged form DS-237, providing him warning on or around December 7, 1998 that the visa granted to him as an unmarried child of a United States Citizen will automatically become invalid if he married before arriving in the United States;

iii. A judicial Declaration that the Defendants are estopped from taking any action and/or entering any decision whatsoever, on the ground that the Plaintiff's admission to United States as a Lawful Permanent Resident on January 29, 1999 was not in accordance with Immigration Laws, Statutes, and Regulations;

iv. A judicial declaration that the Defendants actions initiating Removal Proceedings against the Plaintiff on May 7, 2009 is contrary to and inconsistent with the due process and equal protection of law clause of the Fifth Amendment of the United States Constitution, applicable INS statutes, regulations and operating instructions, and in violation of the Administrative Procedure Act, 5 USC section 551 and 701 et seq.

v. A judicial declaration that the Defendants actions terminating/revoking Lawful Permanent Resident Status granted on January 29, 1999 is arbitrary, capricious, an abuse of discretion, and not in accordance with due process and equal protection of law clause of the Fifth Amendment of the United States Constitution, applicable INS statutes, regulations and operating instructions, and in violation of the Administrative Procedure Act.

vi. Issue a writ in the nature of Mandamus compelling the Defendant, BCIS, Buffalo, NY to withdraw Notice to Appear dated May 7, 2009, filed with U.S. Immigration Court, Buffalo, NY to initiate Removal Proceedings;

vii. Issue an injunction staying the removal proceedings pending before Executive Office of Judicial Review, Immigration Court, Buffalo, NY;

viii. Issue a writ in the nature of Mandamus compelling Defendant, BCIS, Buffalo, NY to mail approval notices to Plaintiff for Alien Relative Petitions filed by him for his wife and children;

ix. Issue a writ in the nature of Mandamus compelling Defendant, BCIS, Buffalo, NY to send the original visa petition to the Department of State National Visa Center (NVC) for processing of immigrant visa for Plaintiff's wife and children;

x. Deny Defendants' Motion to Dismiss with cost;

xi. Award Plaintiffs their reasonable attorneys' fees& costs pursuant to the EAJA; &

> xii. Award all other such relief to Plaintiffs as this Court deems just, proper and equitable.

(Am. Compl. at 6–7.) On October 30, 2009, Defendants filed a memorandum of law continuing to oppose the relief Plaintiff seeks on the ground that the court lacks personal jurisdiction, since Plaintiff failed to serve the Attorney General of the United States and the United States Citizenship and Immigration Services agency in accordance with Federal Rule of Civil Procedure 4(I). Additionally, Defendants maintain Plaintiff's mandamus complaint has been rendered moot, and, with regard to the new claims presented in his amended complaint, Plaintiff failed to exhaust administrative remedies available to him. On November 4, 2009, Defendants withdrew their personal jurisdictional argument. (Gail Y. Mitchell, AUSA, letter to the Court (Nov. 4, 2009) (Docket No. 11) at 1.)

In paragraph five of his amended complaint, Plaintiff concedes that "Defendant, BCIS, Buffalo, NY approved Relative Visa Petitions filed by Plaintiff for his wife and three children (now four) after service of summons and complaint of the present Mandamus Action…." (Am. Compl. ¶ 5.) Thus, the original relief Plaintiff sought in his first application, and now seeks in the amended complaint, has been granted. Plaintiff now states, however, that Defendant BCIS "has intentionally not provided approval letters to Plaintiff and has intentionally failed to send the original approved petitions to Department of State National Visa Center." (*Id.*) Defendants' response to this latter issue is that Plaintiff has failed to exhaust administrative remedies available to him and, consequently, the Court is without jurisdiction.

Plaintiff contends that now the "core issue under judicial review … is Defendants' decision regarding [the] validity of Plaintiff's Lawful Permanent Resident Status…." (Am. Compl. ¶ 8.) Attached to the amended complaint is a Form I-485 seeking adjustment of status for Plaintiff to lawful permanent resident, with a stamp "Denied May 4, 2009, Citizenship and Immigration Services, U.S. Department of Homeland Security." Plaintiff contends that the issue regarding permission for his wife and children to immigrate is contingent upon a determination that he is lawfully in the United States and that he should not be removed.

In a similar case to the one at bar, the Second Circuit held that the district court did not have subject matter jurisdiction to address the plaintiff's adjustment of status to lawful permanent resident. *Howell v. I.N.S.*, 72 F.3d 288 (2d Cir. 1995). The court held that:

> the district court lacked jurisdiction to review the district director's denial of Howell's application for adjustment of status once deportation proceedings commenced, because she failed to exhaust her administrative remedies. This exhaustion requirement arises as a result of the administrative remedies available to Howell pursuant to the statutory and regulatory schemes involving adjustment of status. *See Kennedy* [*v. Empire Blue Cross and Blue Shield*], 989 F.2d [588] at 592 [(2d Cir. 1993)].[1] Because deportation proceedings have commenced, Howell has the opportunity, pursuant to the regulations, to renew her application for adjustment of status before an immigration judge. Thus, Howell must pursue these remedies rather than seek review in the district court pursuant to § 1329.

---

[1] "The doctrine of exhaustion of administrative remedies provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). The exhaustion requirement may arise from explicit statutory language or from an administrative scheme providing for agency relief. *See Kobleur*, 954 F.2d at 709." *Kennedy*, 989 F.2d at 592.

*Howell*, 72 F.3d at 293 (footnote omitted). Even the case upon with Plaintiff relies, *Corniel-Rodriguez v. INS*, 532 F.2d 301 (2d Cir. 1976), seemingly on all-fours with his situation, came to the Second Circuit after removal proceedings before an Immigration Judge and denial of appeal by the Board of Immigration Appeals. *Id at 305.* Plaintiff, therefore, will have the opportunity, "to submit evidence to support that the American Consul, Sanaa, Yemen complied with mandatory requirements of 22 CFR section 42.72(d) and 9 FAM 42.72 procedural note 1 and duly acknowledged form DS-237, providing him warning on or around December 7, 1998 that the visa granted to him as an unmarried child of a United States Citizen will automatically become invalid if he married before arriving in the United States…." (Am. Compl. at 6–7.) Accordingly, it is hereby

ORDERED, that Plaintiff's applications for a writ of mandamus (Docket Nos. 1 & 8) are denied respectively without prejudice as moot and for failure to exhaust administrative remedies; and it is further

ORDERED, that Defendants' motion to dismiss (Docket No. 3) is granted; and it is further

ORDERED, that this case be closed.

IT IS SO ORDERED.

Dated: November 9, 2009
    Rochester, New York

                ENTER:

                             /s/ Charles J. Siragusa
                             CHARLES J. SIRAGUSA
                             United States District Judge